
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| DARLENE F. ACOSTA, | ) | No. 68344-6-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| DOUGLAS A. HEDGES, | ) | UNPUBLISHED OPINION |
| Respondent. | ) | FILED: March 11, 2013 |

BECKER, J. — A possessor of land is liable to a social guest for injuries sustained on the land only if, among other factors, the guest did not know or have reason to know of the dangerous condition on the land and the risk involved.  Applying this rule, we affirm the summary judgment dismissal of appellant Darlene Acosta's lawsuit for injuries she sustained while walking along a familiar path to the home of respondent Douglas Hedges.

We review summary judgment orders de novo, engaging in the same inquiry as the trial court.  Afoa v. Port of Seattle, No. 85784-9, 2013 WL 363192 (Wash. Jan. 31, 2013).  Summary judgment is appropriate if the record presents no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Afoa, 2013 WL 363192, at *2.  We consider all disputed facts in the light most favorable to the nonmoving party, and summary judgment is

appropriate only if reasonable minds could reach but one conclusion. Afoa, 2013 WL 363192, at *2.

Acosta met Douglas Hedges in 2008. They began dating in January 2009, and Acosta began visiting his home in Lake Forest Park, Washington, in February 2009. At some point, Acosta began staying overnight at the house a couple of days each week. In October 2009, Acosta sold her motor home and moved in with Hedges.

Hedges' driveway was blocked and cluttered with junk vehicles and other equipment. There were two paths to the house, but entrants to the house usually walked alongside the vehicles to one side, along a ditch. On December 24, 2009, as Acosta was returning to the house after walking her dog, she slipped on a narrow, sloped portion of the path and slid into the ditch. She broke her ankle. Acosta sued Hedges for damages.

In Washington, a landowner's liability for injuries caused by conditions on land depends on the entrant's status, which is defined according to the common law classification scheme of trespasser, licensee, or invitee. Younce v. Ferguson, 106 Wn.2d 658, 662-66, 724 P.2d 991 (1986). The parties do not dispute that Acosta was a licensee at the time she fell on Hedges' land. A licensee is defined as a person who is privileged to enter or remain on land only by virtue of the possessor's consent. Afoa, 2013 WL 363192, at *3; Younce, 106 Wn.2d at 667. Social guests are included in this category. Afoa, 2013 WL 363192, at *3. The landowner's liability to a licensee is limited to cases where

the licensee has no reason to know of the dangerous condition:

> "A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, *but only if,*
>     (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
>     (b) he [or she] fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
>     (c) *the licensees do not know or have reason to know of the condition and the risk involved."*

Tincani v. Inland Empire Zoological Soc'y, 124 Wn.2d 121, 133-34, 875 P.2d 621 (1994) (emphasis added), quoting RESTATEMENT (SECOND) OF TORTS § 342 (1965).

We conclude a reasonable juror could come to no other conclusion than that Acosta knew or had reason to know of the condition of the narrow, sloped pathway and the risk involved in traversing it. Acosta testified that the site of her fall was along the same path that she normally used to approach Hedges' house. The driveway had been blocked by vehicles and equipment since she began visiting the home in February 2009. She was aware that the path was a narrow, sloped unpaved mix of dirt and grass and that there was a ditch beside it. She testified that she considered the path to be dangerous and said she always walked slowly and carefully beside the ditch. On the evening she fell, she walked along the same pathway when she left the house to take her dog for a walk. She said she walked cautiously and was aware that the ground may have been damp because it was evening. On these facts, no reasonable juror could find Hedges

3

liable for Acosta's injury. Acosta was aware of the condition of the path and the risk involved in walking it.

Acosta argues that the record raises a reasonable inference that the condition of the pathway changed at some point without her knowledge. She contends that in her many months of visiting the house, she descended the same sloped path many times without slipping and, on this occasion, she walked with the same care that she always used. But Acosta did not need to have ever slipped in the past to have understood that the sloped, grassy, possibly damp pathway posed a danger of slipping. It was precisely because she was aware of this danger that she was walking so cautiously on the evening in question. Although another path to the house was available to her, she elected not to take it. Hedges is not liable because his licensee was aware of the dangerous condition and entered upon it voluntarily.

Acosta calls our attention to her testimony that she did not really notice any change in the path's condition leading up to her accident. She argues this proves that she was unaware that the path's condition had become, as Hedges testified, "kind of muddy and slippery" during the holidays due to the increased foot traffic. But to excuse Hedges from liability, a jury would not need to find that Acosta was *actually* aware of a change in the condition of the path—only that she "had reason to" be aware of it. Tincani, 124 Wn.2d at 133-34.

4

This is not a case of a latent or concealed danger. Acosta was living in the home and regularly walking the path throughout the period in question. If the path had in fact become more muddy and slippery due to increased foot traffic, Acosta provides no evidence to excuse her failure to observe the change.

No reasonable juror could conclude Acosta did not have reason to be aware of the path's condition. Dismissal on summary judgment was proper.

## MOTION TO STRIKE

Acosta attached to her opening brief on appeal a document displaying "Seattle Climate Data" from December 2009 as support for her claim that the weather was unusually rainy in the days leading up to her accident.

We grant Hedges' motion to strike the document, and we disregard any statements in Acosta's brief relying on the evidence. The information was not presented to the trial court. RAP 10.3(a)(8).

Even if this evidence were to remain in the record, it would not be enough to bring Acosta's claims to a jury. If the weather was unusually rainy leading up to her injury, Acosta has not provided evidence that she was for some reason unaware of these weather conditions. Because a reasonable person would have expected an unpaved dirt path to be slippery after days of rain, such evidence would not show a breach of the standard of care owed to a licensee. See Thompson v. Katzer, 86 Wn. App. 280, 290, 936 P.2d 421 (summary judgment for landowner proper where licensee slipped on snow and ice in driveway), review denied, 133 Wn.2d 1020 (1997).

5

Affirmed.

WE CONCUR:

Becker, J.

Cox, J.